**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

BRETT THURN, an individual,
and
ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation,

CASE:

Plaintiffs,
v.

A & M PROPERTIES OF THE GULFCOAST INC, a Florida For-Profit Corporation, and BUBBA & RON INC., a Florida For-Profit Corporation.

Defendants.
____________________________________/

## COMPLAINT

Plaintiffs, BRETT THURN, an individual, and ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, A & M PROPERTIES OF THE GULFCOAST INC, a Florida For-Profit Corporation, and BUBBA & RON INC., a Florida For-Profit Corporation (collectively hereafter "Defendants") and as grounds allege:

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, BRETT THURN, is an individual over eighteen years of age, who resides in Nevada and is otherwise sui juris. Plaintiff, BRETT THURN, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, BRETT THURN, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7. At all times material, Defendant, A & M PROPERTIES OF THE GULFCOAST INC, was and is a Florida For-Profit Corporation doing business in the State of Florida, owning and operating a commercial property in the State of Florida, and deriving

substantial revenue from the State.

8. At all times material, Defendant, A & M PROPERTIES OF THE GULFCOAST INC, owned, leased, and/or operated the Commercial Property located at 814 SE 47th Street, Cape Coral, Florida 33904 (hereinafter "Commercial Property") operated as "Annie's Restaurant".

9. At all times material, Defendant, BUBBA & RON INC., was and is a Florida For-Profit Corporation doing business in the State of Florida, owning and operating a restaurant in the State of Florida, and deriving substantial revenue from the State.

10. At all times material, Defendant, BUBBA & RON INC., owned, leased, and/or operated the restaurant located at the Commercial Property at 814 SE 47th Street, Cape Coral, Florida 33904, operated as "Annie's Restaurant".

11. Venue is properly located in the Middle District of Florida pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Cape Coral, Florida.

12. Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Lee County area. The Defendants regularly conduct business within Lee County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Lee County area.

## FACTUAL ALLEGATIONS

13. Plaintiff, BRETT THURN, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, BRETT THURN, has cerebral palsy, uses a wheelchair to ambulate and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk, stand, climb stairs, or perform activities requiring lower body strength and mobility.

14. Plaintiff, BRETT THURN, has visited the Commercial Property several times whenever he is in Cape Coral. Most recently, Plaintiff, BRETT THURN, dined at the Commercial Property with his nephew on September 1, 2026.

15. While at the Commercial Property, Plaintiff, BRETT THURN, encountered architectural barriers that hindered his ability to access and use the Commercial Property and Annie's Restaurant, including the parking and exterior routes, the entrances, the dining surfaces, and the restroom.

16. Plaintiff, BRETT THURN, plans to return to the Commercial Property when he visits his brother and nephew in January 2027 as the restaurant is one of their preferred dining establishments, which they visit a few times each year.

17. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, et seq.

18. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. <u>Parking and Exterior Routes</u>

i. The routes to the site arrival points are inaccessible, violating § 206 of the 2010 ADA Standards for Accessible Design. The improperly designed routes restrict Plaintiffs from maneuvering within the parking area and accessing the restaurant.

ii. The accessible parking spaces contain slopes greater than five percent, violating §§ 208 and 502.4 of the 2010 ADA Standards for Accessible Design. The improper slopes restrict Plaintiffs from maneuvering within the parking area and accessing the restaurant.

iii. The ramp from the accessible parking space contains a slope greater than ten percent, violating §§ 405.2 and 406 of the 2010 ADA Standards for Accessible Design. The improper slopes restrict Plaintiffs from maneuvering within the parking area and accessing the restaurant.

iv. The front entrance lacks the required maneuvering clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The lack of clearance restricts Plaintiffs from maneuvering within the parking area and accessing the restaurant.

v. The route to the side entrance contains a cross slope greater than five percent, violating § 402.3 of the 2010 ADA Standards for Accessible Design. The improper slope restricts Plaintiffs from maneuvering within the parking area and accessing the restaurant.

vi. The side entrance lacks the required maneuvering clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.

B. <u>Access to Goods and Services</u>

i. The dining tables lack the required toe clearance, violating §§ 226, 306 and 902.2 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' access to the dining area.

C. Restrooms

i. The mirror is mounted at a height greater than forty-four inches above the finished floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design. The improperly installed mirror impedes Plaintiffs' access of the restroom.

ii. The restroom door lacks the required maneuvering clearance to exit, violating § 404 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' access of the restroom.

iii. The side grab bar is improperly located and no rear grab bar is provided, violating § 604.5 of the 2010 ADA Standards for Accessible Design. The lack of hardware impedes Plaintiffs' access of the restroom.

iv. The lavatory lacks the required knee and toe clearance beneath the rim, violating §§ 306 and 606 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' access of the restroom.

v. The water closet lacks the minimum required clearance, violating § 604.3 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' access of the restroom.

vi. The flush controls are not mounted on the open side of the water closet, violating § 604.6 of the 2010 ADA Standards for Accessible Design. The improperly designed water closet impedes Plaintiffs' access of the restroom.

vii. The toilet paper dispenser is located beyond the required reach range violating § 604.7 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' access of the restroom.

viii. The stall door lacks the required door pulls violating § 604.8 of the 2010 ADA Standards for Accessible Design.

19. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

**ADA VIOLATIONS**

20. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

22. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require

an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation.

26. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

27. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 21st, 2026

Respectfully submitted,

*/s/ John A. Salcedo*________________

John A. Salcedo, Esq.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
E: jsalcedo@mineolaw.com
Attorneys for Plaintiffs